UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WINDSOR ALLEN,

                         Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                         Defendants.

1:20-CV-3868 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff Windsor Allen, who appears *pro se*, brings this action asserting claims under 42 U.S.C. § 1983 and other federal laws, as well as claims under state law. He seeks damages, as well as declaratory and injunctive relief. He sues the City of New York, the New York City Police Department ("NYPD"), the New York City Department of Investigation ("DOI"), individual members of the NYPD and DOI, the "New York County District Attorney Division,"[1] individual New York County Assistant District Attorneys ("ADAs"), the "Bellevue Hospital Forensic Psychiatry Court Clinic Division"[2] and members of its staff. Because Plaintiff asserts violations of his federal constitutional rights, the Court construes his claims under federal law as brought only under 42 U.S.C. § 1983.

      By order dated June 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

      [1] The Court understands this defendant to be the Office of the New York County District Attorney.

      [2] The Court understands this defendant to be the Manhattan Forensic Psychiatry Court Clinic ("the Clinic"), which is operated by NYC Health + Hospitals ("H+H"), formerly known as the New York City Health & Hospitals Corporation.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-89.

## BACKGROUND

Plaintiff's complaint is difficult to understand, but the Court discerns the following: In 2011, Plaintiff attempted to give law-enforcement officials information about potential criminal or terrorist activity, but they arrested and prosecuted him. It is unclear whether he was convicted as a result of that prosecution. But he states that a second trial occurred in May 2017, and that the events that are the basis of his claims occurred between November 10, 2011, and May 18, 2020.

## DISCUSSION

### A. Private prosecution

Plaintiff seeks the criminal prosecution of the defendants or others. The Court must dismiss those claims. A private citizen cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims in which Plaintiff seeks the criminal prosecution of the defendants or others for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Office of the New York County District Attorney

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Office of the New York County District Attorney under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived

3

their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted). Courts have held that an office of a District Attorney in the State of New York is afforded Eleventh Amendment immunity with regard to its decisions to prosecute. *See, e.g., Cano v. Cohen*, No. 1:18-CV-11550, 2019 WL 4933580, at *2 (S.D.N.Y. Oct. 4, 2019) (collecting cases).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff sues the Office of the New York County District Attorney because of its decision to prosecute him. The Court therefore dismisses Plaintiff's claims under § 1983 against this defendant under the doctrine of Eleventh Amendment immunity. *See* § 1915(e)(2)(B)(iii).

C. **Assistant District Attorneys**

The Court must also dismiss Plaintiff's claims under § 1983 for damages against the ADAs. Prosecutors are immune from civil suit for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))

(internal quotation marks omitted); *see Imbler* 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claims against those defendants who are ADAs arise from those defendants' prosecution of him. The Court therefore dismisses Plaintiff's claims for damages against those defendants who are ADAs under the doctrine of prosecutorial immunity. *See* § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute).

**D.     Statute of limitations**

In the State of New York, there is a three-year limitations period for claims under § 1983. *Owens v. Okure*, 488 U.S. 235, 249-51 (1989). For claims of false arrest under that statute, the applicable limitations period begins to run at the time of the events that caused the injury. *See Wallace v. Kato*, 549 U.S. 384, 388-90 (2007) (claim of false arrest under § 1983 accrues on the date of the arrest, if the arrest was carried out without a warrant). For claims of malicious prosecution under § 1983, the applicable limitations period does not accrue until there is a

favorable termination of the plaintiff's criminal proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).[3]

Plaintiff asserts claims under § 1983 of false arrest and malicious prosecution, but he does not provide sufficient detail to show that his claims of false arrest are timely or that his claims of malicious prosecution ever accrued. He states that he was arrested in 2011. Thus, it appears that the limitations period for his claims of false arrest expired in 2014. But he did not file his complaint in this Court until May 19, 2020. And because he does not mention any facts about the result of the criminal prosecution against him, let alone whether and when it terminated in his favor in a manner that indicated his innocence, it is unclear whether his claims of malicious prosecution ever accrued. The Court therefore grants Plaintiff leave to amend his complaint to allege facts showing why his claims of false arrest under § 1983 are timely, and why his claims of malicious prosecution under § 1983 have accrued and are timely.[4]

E. **Personal involvement of individual defendants**

To state a claim under § 1983 against an individual, a plaintiff must allege facts showing the individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v.*

---

[3] For the purpose of a claim of malicious prosecution under § 1983, a prosecution terminates in a plaintiff's favor when "the criminal proceedings against him [are] terminated in a manner indicating his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 29 (2d Cir. 2018).

[4] "[A]lthough the statute of limitations is ordinarily an affirmative defense that the defendant must raise at the pleadings stage . . . , district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. & Commercial Bank of China , Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (internal quotation marks and citations omitted). But in *pro se* cases, district courts must give the plaintiff notice and an opportunity to be heard before dismissing a claim *sua sponte* on limitations grounds. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).

*Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). An individual defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). An individual can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[5]

Plaintiff names many individuals as defendants, but he fails to specify how most of them (with the exception of the ADAs) were personally involved in any violations of his federal rights. The Court therefore grants Plaintiff leave to file an amended complaint in which he names as defendants all of those individuals who were personally involved in the violations of his federal rights and alleges facts showing those individuals' personal involvement in the violations.

F.   **The City of New York, the NYPD, the DOI, and the Clinic**

The Court must dismiss Plaintiff's claims against the NYPD and DOI because agencies of the City of New York, such as those agencies, are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions as proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency,

---

[5] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

7

except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD); *Artec Constr. & Dev. Corp. v. New York City Dep't of Hous. Pres. & Dev.*, No. 15-CV-9494, 2017 WL 782911, at *4 (S.D.N.Y. Feb. 27, 2017) (DOI); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). In addition, the Clinic is not a proper defendant for claims under § 1983. *See, e.g.*, *Mejía v. Davis*, No. 1:16-CV-9706, 2018 WL 333829, at *4 (S.D.N.Y. Jan. 8, 2018). The Court therefore dismisses Plaintiff's claims against the NYPD, the DOI, and the Clinic for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

When a plaintiff sues the City of New York, or the operator of the Clinic, H+H, under § 1983, it is not enough for the plaintiff to allege that one of the City of New York's or H+H's employees or agents engaged in some wrongdoing. The plaintiff must show that the City of New York or H+H itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim against the City of New York or H+H under § 1983, the plaintiff must allege facts showing (1) the existence of a City of New York or H+H policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted);

*Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for § 1983 municipal liability to H+H).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the City of New York or H+H caused a violation of his federal constitutional rights. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which names the City of New York or H+H as a defendant and alleges sufficient facts to state a claim under § 1983 against that government entity.

## LEAVE TO AMEND

The Court grants Plaintiff leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of a "John Doe" or "Jane Doe" defendant, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should

---

[6] The caption is located on the first page of the complaint. Each defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in the amended complaint's statement of claim.

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2018, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

9

Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff must not reassert in his amended complaint claims that the Court has dismissed in this order.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:20-CV-3868 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss his claims under federal law as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief from defendants that are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii), and will decline to consider his claims under state law under the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(c)(3). SO ORDERED.

Dated:   June 29, 2020
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                        U.S.D.J.